UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GERALD J. MALLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   14-1007 (RC) |
| | ) | |
| | ) | |
| VINCENT C. GRAY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues the District of Columbia, the Corrections Corporation of America ("CCA"), and the United States Parole Commission ("USPC") for allegedly detaining him beyond a USPC-imposed term of imprisonment following the revocation of his supervised release.  Contending, among other wrongs, that the defendants violated the Eighth Amendment to the Constitution, plaintiff seeks $25,000 in money damages.  *See* Compl. at 12, 14, ECF No. 1-2.

Each defendant has moved for dispositive relief.  *See* the District of Columbia Defendants' Mot. to Dismiss, ECF No. 4; Defendant CCA's Mot. to Dismiss and/or Mot. for Summ. J., ECF No. 7; Defendant USPC's Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 16.  Plaintiff has opposed the District's motion, *see* Pl.'s Resp./Mot. to the D.C. Defs.' Mot. to Dismiss, ECF No. 20, and has filed a Motion to Introduce Significant Evidence to Respond to Motion by Defendants for Summary Judgment, ECF No. 22, which is construed also as his opposition to both USPC's and CCA's summary judgment motions.

Because the documentation the USPC has supplied disproves the premise of the complaint, the Court will grant summary judgment to the USPC and will grant the motions of the District of

1

Columbia and its contractor CCA to dismiss.[1]  *See* CCA's Mot. at 1 ("Defendant CCA owns and operates [the Central Treatment Facility in the District] . . . pursuant to a correctional services agreement between CCA and the District of Columbia.").  Consequently, plaintiff's motions will be denied.

## I.  BACKGROUND

As part of a "global plea agreement," the Superior Court of the District of Columbia sentenced plaintiff in June 2007 to a prison term of 36 months and a five-year term of supervised release.  *District of Columbia v. Malloy*, No. 2007 CF2 002506 (D.C. Super. Ct. Jun. 29, 2007); *see District of Columbia v. Malloy*, No. 2006 CF2 018298 (D.C. Super. Ct. Jun. 29, 2007) (imposing 24-month concurrent terms); *District of Columbia v. Malloy*, 2006 CF2 025494 (D.C. Super. Ct. Jun. 29, 2007) (imposing 12-month consecutive term).  Plaintiff was released to supervision on May 5, 2010.  *See* Def. USPC's Statement of Material Facts, ECF No. 16-2, Ex. 2 (Warrant Application).  On July 2, 2010, the USPC, as the authority over District of Columbia parolees and supervisees, issued a warrant charging plaintiff with violating the terms of his release by failing to report to his supervising officer and to report a change in residence.  *Id*.  The United

---

[1]    The fact that neither the District of Columbia nor CCA has statutory authority to participate in the revocation proceedings at issue suffices as a basis to dismiss the complaint against these defendants for failure to state a claim.  *See Kingsbury v. Fulwood*, 902 F. Supp. 2d 51, 53 (D.D.C. 2012) ("Pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997 . . . , Pub. L. No. 105–33, 111 Stat. 712 (1997), the [D.C.] Parole Board was abolished . . . and the United States Parole Commission . . . was authorized to grant, deny, impose or modify conditions of, and revoke parole for District of Columbia Code felony offenders, as well as to promulgate and apply its own regulations for implementing the District of Columbia's parole laws.") (citing D.C. Code § 24-131 (a),(b) (2001)); *see also* D.C. Code § 24-406(a) ("When a prisoner has been retaken upon a warrant issued by the [USPC], he shall be given an opportunity to appear before *the Commission*, a member thereof, or an examiner designated by the Commission.") (emphasis added).  Plaintiff does not contend that either the District of Columbia or CCA held him beyond the date the USPC determined was appropriate in its Notice of Action. Hence, the Court will not address the various other grounds for dismissal advanced by these defendants.

States Marshal executed the warrant on August 3, 2010, by arresting plaintiff and committing him to the District of Columbia Jail.  *Id*., Ex. 3.

On October 14, 2010, the USPC conducted a revocation hearing at the District's Correctional Treatment Facility.  *Id*., Ex. 4 (Hearing Summary).   Based upon the testimony and documentation of plaintiff's supervising officer, the hearing examiner found that plaintiff had indeed violated the terms of his release but further found that plaintiff suffers from an untreated mental illness that "contributed to his violation behavior."  *Id*. at 4.   The hearing examiner recommended the revocation of plaintiff's supervised release and the imposition of a four-month prison term--below the applicable guideline range--beginning from the August 3, 2010 arrest date, followed by a 32-month term of supervised release.  *Id*.   The hearing examiner also recommended that plaintiff receive "Special Drug Treatment, Special Mental Health Treatment [and] RSC placement for up to 28 days upon release from custody."  *Id*..

On October 20, 2010, the executive reviewer noted his "disagree[ment] with the [hearing examiner's] reason to go below the guidelines based on diminished capacity" and recommended a prison term of 12 months, followed by 24 months' supervised release so that plaintiff could be "returned to [the Bureau of Prisons'] custody where he will receive the appropriate treatment" for his mental health.  *Id*. at 4.   The executive reviewer reasoned that "as evident at the hearing," it was unlikely that plaintiff would receive any mental health treatment at a D.C. Department of Corrections facility and that "[a] longer term of confinement (within the guidelines) will ensure that he is returned to BOP custody where he will receive the appropriate treatment," as well as 30 days of medication upon his release.  *Id*.   Otherwise, the executive reviewer surmised, plaintiff's "current condition will continue to deteriorate."  *Id*.   The executive reviewer agreed with the hearing examiner's treatment recommendations and recommended specifically that the D.C. Court

Services and Offender Supervision Agency (CSOSA) assess the case file for possible placement in the RSC program for up to 28 days upon [plaintiff's] release from custody and referral to an outpatient or inpatient mental health treatment program."[2]  *Id*. at 5.  The USPC adopted the executive reviewer's recommendation.  *See* USPC's Ex. 5 (Oct. 22, 2010 Not. of Action).[3]  On August 2, 2011, twelve months after his arrest on the violator warrant, plaintiff was released to supervision. *See* USPC's Ex. 1 (Sentence Monitoring Computation Data at 2).

On December 5, 2011, plaintiff was charged in Superior Court with assault with a dangerous weapon.  Plaintiff pled guilty and was sentenced in June 2012 to a prison term of 44 months and a supervised release term of three years.  *See District of Columbia v. Malloy*, No. 2011 CF3 023298 (D.C. Super. Ct. June 25, 2012).  In light of this conviction, the USPC issued a new violator warrant that is currently lodged as a detainer pending plaintiff's completion of the new sentence.  USPC's Statement of Facts ¶ 8.

Meanwhile, in April 2014 while incarcerated at the United States Penitentiary in Bruceton Mills, West Virginia, plaintiff filed this action in the Superior Court of the District of Columbia to challenge his "illegal detainment" between December 1, 2010 and August 2, 2011.  *See* Compl. ¶ 9, ECF No. 1-2 ("My release date . . . should have been November 30, 2010").  The USPC

---

[2]  CSOSA supervises "any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court . . . . Such offender [is] subject to the authority of the [USPC] until completion of the term of supervised release." D.C. Code § 24-133(c)(2). "For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release." *Anderson v. U.S. Parole Comm'n*, No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) (citing *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 13 n.4 (D.D.C. 2008)) (other citation omitted).

[3]  Plaintiff moves to exclude the Notice of Action and the executive reviewer's comments in the Hearing Summary as "unfounded and as hearsay evidence[.]"  Pl.'s Mot. to Dismiss-Pro Se, ECF No. 12.  The documents were prepared during the regular course of business and, thus, fall within the hearsay exception set forth at Rule 803(6) of the Federal Rules of Evidence.  Hence, plaintiff's construed motion to exclude is denied.

removed the case pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446.  *See* Not. of Removal, ECF No. 1.

## II.   ANALYSIS

### A.   Legal Standards

1. <u>Rule 56 Motion for Summary Judgment</u>

A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

2. <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

A court may dismiss a complaint that lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Hence, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations omitted).  In deciding a motion to dismiss, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *See Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004).

### B.   USPC's Detention Decision

Plaintiff "believe[s]" that the USPC has calculated his time "inaccurate[ly]" because it

failed to release him from the revocation term after his service of four months as per the hearing examiner's recommendation.  Compl. ¶ 9.  He posits that his "release date . . . should have been November 30, 2010."  *Id*.

As the final arbiter of parole decisions, the USPC was well within its authority to adopt the executive reviewer's recommendation of a 12-month prison term.[4]  *See Kingsbury v. Fulwood*, 902 F. Supp. 2d 51, 58 (D.D.C. 2012) ("The USPC, not the hearing examiner, renders the final decision.") (citing 18 U.S.C. § 4203(b)).  In addition, the record shows that plaintiff was released promptly after serving the 12-month revocation term.  Hence, the Court finds that no material fact with regard to the validity of the challenged detention is in genuine dispute and that the USPC is entitled to judgment as a matter of law.  This finding necessarily defeats plaintiff's claims against the District and CCA since they are predicated on the same allegation that the revocation term was four months, which is shown in the record to be untrue.[5]

---

[4]   Plaintiff was informed in the Notice of Action that he could appeal the final decision to the National Appeals Board.  *See* Def.'s Ex. 5 at 2.  Nothing in the record suggests that he pursued an appeal.

[5]   Even if plaintiff could show that he was unlawfully detained, his claim for damages against the USPC would fail for at least three reasons.  First, plaintiff's list of federal defendants does not include an individual sued in his or her personal capacity, which is a requirement for recovery under the federal analog to 42 U.S.C. § 1983 lawsuits established in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), for certain constitutional violations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Second, the United States has not consented to be sued for monetary damages based on constitutional violations.  *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).  Third, the Court would lack jurisdiction over any potential claim for damages under the Federal Tort Claims Act ("FTCA") because there is no indication that plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ."  28 U.S.C. § 2675.  *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) (holding that the FTCA's exhaustion requirement is "jurisdictional").  Moreover, because plaintiff was released from his supervision violation sentence on August 2, 2011, any claim for equitable relief would be moot.  *See Qassim v. Bush*,

**CONCLUSION**

For the reasons discussed above, the Court concludes that the USPC is entitled to summary judgment and that no claim has been stated against the remaining District of Columbia defendants. A final order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: February 3, 2015

---

466 F.3d 1073, 1077 (D.C. Cir. 2006) (noting in dismissing an appeal as moot that claims for declaratory and injunctive relief do not survive release from the challenged detention absent a showing, not alleged here, of "continued existence of a collateral consequence").